# UNITED STATES
## *v.*
# AQUILINO CRUZ.

---

### PERJURY.

1. False statements upon material facts before a grand jury after being sworn by its foreman to testify is perjury.
2. The grand jury is a competent tribunal, and the foreman is the proper one to administer the oath.

May 2, 1902. -

---

*Mr. N. B. K. Pettingill,* United States Attorney, for plaintiff.

*Mr. Santiago B. Palmer* for defendant.

HOLT, Judge, gave the following charge to the jury:

Gentlemen of the Jury:—The charge against this defendant is a serious one. It is that of perjury. Under the United States statute this offense is committed when one has taken an oath before a competent tribunal in a case where an oath is authorized, that he will testify truly, but wilfully and contrary to such oath testifies to a material matter that he does not believe to be true. It is charged that at the present term of this court and before its grand jury, the defendant, having been sworn by

---

*Grand Jury.* See note to Charge to U. S. Grand Jury, *ante,* p. 397.

United States v. Cruz.

the foreman as a witness, testified that upon a preliminary inquiry before the municipal judge at Naguabo against one Maldonado, upon the charge of passing a counterfeit coin known as an onza, and at which time the defendant was a witness, said coin was not exhibited to him; also that the statement as to the matter which he then made was neither read by nor to him before the signing of the same; and that he did not then swear that said onza was the same one which Maldonado had at a certain time brought to him to change. It appears that the charge of passing this counterfeit coin was under investigation before the grand jury when the defendant testified before them. The defendant has pleaded not guilty. He is presumed by law to be innocent until he is proven guilty beyond a reasonable doubt. This, however, does not mean a mere imaginary doubt, or a doubt as to an immaterial matter,—a mere cobweb in your minds,—but a reasonable doubt as to the truth of a matter that is necessary to the existence of guilt. It rests upon the government to make out a case to the exclusion of a doubt as to any material fact necessary to constitute the guilt of the defendant. You are instructed as a matter of law that the grand jury was a competent tribunal before whom an oath could be taken; and that its foreman was the proper one to administer it; also that the matter of inquiry before the grand jury was material. If you are satisfied from the evidence to the exclusion of a reasonable doubt that the defendant so testified before the grand jury, when as a matter of fact said coin had been exhibited to him upon the inquiry before the municipal judge at Naguabo, or, if the statement he there made was read by him or to him before signing it, or, that he then swore said onza was the same one that Maldonado had brought him to change, then you should find him guilty; otherwise, you should acquit him. You should carefully consider the evidence in this case. Perjury is a crime that

saps the very foundation of the administration of justice. The provision in the United States statute as to it is found under the title of "Crimes against Justice." The liberty and lives of men, let alone their property, may be unjustly and foully taken through its instrumentality. All men are interested in its detection and punishment. The government, however, does not desire the conviction of any innocent man. The protection of personal liberty is also of the greatest importance to all men. I shall not attempt to detail the testimony to you. If I were to do so inaccurately, it would be your duty in your jury room to remember it correctly; because while you must accept the law of the case as given to you by the court, it is your province to judge of the testimony and determine what is proven in the case.

Retire, gentlemen, and make a verdict.